IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO.AP-75,431





 

EX PARTE JOE DAVID PADRON, Applicant








ON APPLICATION FOR WRIT OF HABEAS CORPUS

CAUSE NUMBER 02-CR-4423-F IN THE 214TH 

DISTRICT COURT NUECES COUNTY 





 Per curiam.


 


O P I N I O N



 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). After a jury trial, Applicant was found guilty on three counts of capital murder. In
answering the first two special issue questions beyond a reasonable doubt, the jury found: (1)
that there was a probability that Applicant would commit criminal acts of violence that would
constitute a continuing threat to society and (2) that Applicant caused the deaths of the
victims or intended to kill the victims or another or anticipated that a human life would be
taken. On the third special issue question, the jury found (3) that there was sufficient
mitigating circumstances to warrant a life sentence rather than death. Thus, Applicant was
sentenced to life in prison. There was no direct appeal.

 In this application, Applicant contends that he requested but was denied his right to
a meaningful appeal. The record provided to this Court substantiates that Applicant was
entitled to an appeal but that he was deprived of this right. Thus, Applicant is granted the
opportunity to file an out-of-time appeal from his conviction and sentence in cause number
02-CR-4423-F in the 214th Judicial District Court of Nueces County, Texas. 

 Applicant is ordered to be returned to that point in time at which he may give written
notice of appeal so that he may then, with the aid of counsel, obtain an appeal. For purposes
of the Texas Rules of Appellate Procedure, all time limits shall be calculated as if the
sentence had been imposed on the date that the mandate of this Court issues. We hold that
should Applicant desire to prosecute an appeal, he must take affirmative steps to see that a
written notice of appeal is filed with the trial court within thirty days after the mandate of this
Court has issued. Applicant's remaining grounds for habeas corpus relief, if any, are
dismissed.

 


DELIVERED: June 7, 2006

DO NOT PUBLISH